138   291
166    86

JOSEPH LEITCH *et al.*

*v.*

THE VILLAGE OF LAGRANGE.

*Filed at Ottawa June 15, 1891.*

1. SPECIAL ASSESSMENTS—*farm land—when subject to.* Farm lands in a village will be benefited by the construction of a sewer near the same, if its construction will increase their value for any use for which the property is adapted. If such lands for agricultural uses are worth $100 an acre, and will bring from $400 to $1000 an acre for suburban residences, with a sewer which is capable, with laterals, of draining the territory, the lands will be benefited.

2. LOCAL IMPROVEMENT—*how paid for—power of municipal authorities.* The statute gives to village authorities the exclusive power to determine whether a proposed local improvement shall be made by special assessments, by special taxation or by general taxation, or in part by special assessments or special taxation and in part by general taxation.

3. Where a public local improvement is ordered to be made in part by special assessments and in part by general taxation, on a proceeding to confirm the special assessments it will be wholly immaterial what proportion of the total cost will benefit the public. The courts have no power to review the determination of the local authorities in respect to that matter.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. WILLIAM H. KING, and Mr. GEORGE B. POWER, for the appellants:

The assessment is unjust, inequitable and illegal, in assessing property for the proposed improvement which is unsubdivided and only used for farming purposes. *Corrigan* v. *Gage,* 68 Mo. 541; *Hammet* v. *Philadelphia,* 69 Pa. St. 364.

The evidence fails to show that the lands will be benefited by the sewer. Without benefits there can be no assessment. Rev. Stat. chap. 24, sec. 24; *Bibel* v. *People,* 67 Ill. 172; *Crawford* v. *People,* 82 id. 557; *Mittel* v. *Chicago,* 9 Bradw. 534; *Hammet* v. *Philadelphia,* 65 Pa. St. 153.

The village was not assessed its proper proportion of benefits. Leitch is required to pay $800 of the cost of the sewers, while the whole village is assessed $64.50.

Messrs. WILSON & MOORE, for the appellee:

If appellants' lands will sell for more in the market from the improvement, they should be assessed and bear their share of the burden. The evidence shows that they will be greatly benefited.

Property owners have nothing whatever to do with the question of the division of the cost of an improvement between the public and the property to be assessed. This is a matter on which the judgment of the commissioners is conclusive, unless fraud is shown. *Fagan* v. *Chicago,* 84 Ill. 227; *Bigelow* v. *Chicago,* 90 id. 53; *City of Sterling* v. *Galt,* 117 id. 11.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This is an appeal from judgments of the county court of Cook county confirming three special assessments made by the village of LaGrange upon the lands of Joseph Leitch and Isabella Peck, the appellants. Assessments 7 and 8 included

the lands of both Leitch and of Peck, and were for two different portions of a main trunk sewer, and assessment 17, which included the land of Peck, was for a branch sewer.   The matters of the three several petitions of the village were, by agreement of the parties, consolidated, and tried as one cause, and before the court without a jury.

One ground of objection urged against the assessments is, that they are made upon lands which are now occupied and used as farms and for agricultural purposes only.   The contention seems to be, that real estate within a municipal corporation that has not been subdivided into lots and blocks, and that is in present use for merely farming purposes, is without the range of municipal benefits, and that a special assessment thereon, therefore, is illegal.   We can not concur in this view.   There is a benefit if there is an increase in value for any use for which the property is adapted.   Here, the evidence shows that $100 per acre is the limit of the value of the land of appellants for agricultural uses, and yet it appears that the actual value of said lands ranges from $400 to $1000 per acre.   The additional value is owing to the adaptability of the property for suburban residences.   Both farms front east on Brainard avenue, and the opposite side of that street is already well built up with suburban houses, and the suburban depot of the Chicago, Burlington and Quincy railroad is in the immediate neighborhood.   It is plain from the evidence that the construction of a trunk sewer which is capable, with laterals, of sewering the territory involved in these assessments, will at once increase in value, and thereby benefit, the lands of appellants.   It would be inequitable and unjust to impose the whole burden of the building of the sewers upon the platted lots and blocks of the village, and permit the lands of appellants, which might readily be subdivided and sold within a month or a year, to go scot free.

It is claimed that the evidence shows that the farms are not benefited by the improvements.   We do not so understand

the testimony. It may be that the crops of grass raised on the lands will not be any larger or better on account of the construction of the sewers. It clearly appears, however, that the property was and is really benefited, by having its actual and market value substantially increased. The evidence shows that the value of the Leitch and Peck lands is increased not less than $50 an acre by the proposed improvements, and that said lands would, on that account, probably sell for $100 an acre more.

It is objected that in the several assessments the amounts which will be of benefit to the public are not properly apportioned to the village; that in assessment No. 7 there is an estimated cost of $14,000, and that only $36.75 of it is taxed to the village; that in assessment No. 8 there is an estimated cost of $11,100, and that only $27.75 is taxed to the village; and that in assessment No. 17 there is an estimated cost of $14,870.50, and that the commissioners found that $114.76, and that only, was the proper amount for the village to pay. The statute gave to the village authorities the exclusive power of determining whether the proposed improvements should be made by special assessments, by special taxation or by general taxation, or in part by special assessments or special taxation and in part by general taxation. In these proceedings for the confirmation of special assessments it is wholly immaterial what proportion of the total cost would benefit the public. The courts have no power to review the determinations of the local authorities in respect to that matter. *Fagan* v. *City of Chicago*, 84 Ill. 227; *Bigelow et al.* v. *City of Chicago*, 90 id. 49; *City of Sterling* v. *Galt et al.* 117 id. 11.

We find no error in the record. The judgments of the county court are affirmed.

*Judgment affirmed.*