ROBERT R. CLARK

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa April 3, 1897.*

1. SPECIAL ASSESSMENTS—*issue on hearing of objections to confirmation of assessment roll.* The issue on the hearing of objections to the confirmation of a special assessment roll is whether the objector's property is assessed more than it is benefited or more than its proportionate share of the cost of the improvement, and not whether other specified property is benefited to a greater extent.

2. SAME—*proper inquiry to ascertain whether property is assessed more than its proportionate share.* To determine whether property is assessed more than its proportionate share of the cost of an improvement, the inquiry is what proportion does the assessment on the objector's property bear to the assessment on all the lands, and not how does it compare with the assessment on any specified or particular property.

3. SAME—*an increase in value for any purpose is a benefit.* Though a tract of land used for farming purposes may not, in its use as a farm, be benefited by an improvement, yet there is a benefit if its value for any other purpose to which it may be adapted is thereby increased. (*Hutt* v. *City of Chicago,* 132 Ill. 352, and *Edwards* v. *City of Chicago,* 140 id. 440, distinguished and explained.)

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

JOHN R. MONTGOMERY, for appellant:

The statute expressly provides that the commissioners shall apportion the assessment upon the tracts and parcels of land in the proportion in which they will be severally benefited by such improvements. Hurd's Stat. chap. 24, art. 9, sec. 24.

This court has repeatedly recognized that provision to be a fundamental principle in the levying of special assessments. *Watson* v. *Chicago,* 115 Ill. 78; *Walters* v. *Town of Lake,* 129 id. 23.

Property cannot be assessed for improvement where the benefit must be derived from some future improve-

ment.  *Hutt* v. *Chicago*, 132 Ill. 352;  *Edwards* v. *Chicago*, 140 id. 440.

JOHN D. ADAIR, for appellee:

To compare the assessment upon property with that upon other lots included in the assessment roll furnishes no rule to ascertain whether or not the property in question was assessed more or less than it was benefited, or more or less than its proportionate share of the cost of the improvement.  *Fagan* v. *Chicago*, 84 Ill. 228.

Real estate within a municipal corporation that has not been subdivided into lots and blocks, and that is used merely for farming purposes, is not without the range of municipal benefits, and a special assessment thereon is not illegal.  *Leitch* v. *Village of LaGrange*, 138 Ill. 293.

Mr. JUSTICE BAKER delivered the opinion of the court:

The city of Chicago ordered the laying of water supply-pipes in Kedzie avenue, between Belmont avenue and West Grace street, in said city, the same to be paid for in part by special assessment and in part by general taxation.  Proceedings were had in the county court of Cook county, where the assessment roll was confirmed. From the judgment of confirmation appellant prosecutes this appeal.

The land of appellant assessed is a strip 158 feet off the east side of his eighty-acre tract.  This entire tract is upon the west side of Kedzie avenue, is unsubdivided and cultivated as a farm.  The land upon the east side of the street is all subdivided and partially built up with suburban residences.

The first contention is, that the court erred in refusing to allow appellant's counsel to ask petitioner's witness Mitchell, upon cross-examination, "whether the improvement was not there for the benefit of that subdivided property on the east side."  This ruling of the court was proper, for the question was irrelevant and immaterial.

The issue was whether the property of appellant was assessed more than it was benefited or more than its proportionate share of the cost of the improvement. Whether the improvement would also benefit, or to what extent would benefit, property on the east side of the street, or any other specified portion of the lands assessed, was not material. But counsel says the question was a legitimate one, as tending to establish the fact that the objector's land was assessed more than its proportionate share. In this he is in error. To compare the assessment upon his property with that upon other specified lots included in the assessment roll furnished no rule to decide the question at issue. The proper inquiry was what proportion the assessment on appellant's land bore to the assessment imposed on all the other lands and lots, and not how it compared with the assessment on any specified lot or lots. *Fagan* v. *City of Chicago*, 84 Ill. 227; *Bigelow* v. *City of Chicago*, 90 id. 49.

The only other contention is, that appellant's land is not benefited by the improvement. The testimony on this point is somewhat conflicting, but on the whole it shows that while the land in its present state would probably not be benefited by the improvement, still, if subdivided into lots and blocks it would be benefited. Appellant insists, however, that the proper inquiry is whether the property in its present condition is benefited, and not whether it would be benefited if put to a different use. This is not true. The rule is, that there is a benefit if there is an increase in value for any use for which the property is adapted, such, for instance, as its adaptability for suburban residences. *Leitch* v. *Village of LaGrange*, 138 Ill. 291.

The cases of *Hutt* v. *City of Chicago*, 132 Ill. 352, and *Edwards* v. *City of Chicago*, 140 id. 440, cited by appellant, have no application to this case. The decisions in those cases are to the effect that property cannot be assessed for an improvement where the benefit will not flow di-

rectly from that improvement, but is dependent upon some further improvement that may be made by the city at some future time.

We find no error in the record. The judgment of the county court is affirmed.

*Judgment affirmed.*