JOHN L. GORDON *et al.*

*v.*

THE CITY OF CHICAGO.

201   623
d210   275

*Opinion filed February 18, 1903—Rehearing denied April 9, 1903.*

1. PRACTICE—*each objector to confirmation judgment is not entitled to three peremptory challenges.* If the objections to the entry of a judgment confirming an assessment are tried in one case, the objectors are together entitled to but three peremptory challenges, notwithstanding the objectors are represented by different counsel. (*Schmidt* v. *Chicago and Northwestern Ry. Co.* 83 Ill. 405, adhered to.)

2. SAME—*manner of interposing challenges is discretionary with trial court.* The manner in which the defendants shall interpose their peremptory challenges is a matter in the discretion of the trial court, and will not be reviewed unless such discretion is abused.

3. SPECIAL ASSESSMENTS—*what not admissible in confirmation proceeding.* On application for judgment confirming a special assessment for water supply-pipes, copies of an ordinance and contracts by which it is sought to show that a certain private water company could be compelled to lay pipes in the territory subject to the assessment are not admissible.

4. TRIAL—*what is not improper restriction of cross-examination.* Refusal to require a witness for the city in a confirmation proceeding to state how his income from his real estate business compared with the amount he has stated he received from the city the previous year for testifying in special assessment cases, is not an improper restriction of cross-examination.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

MASON BROTHERS, and KRETZINGER, GALLAGHER & ROONEY, for appellants.

EDGAR BRONSON TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the confirmation of a special assessment levied to pay for a system of pipes for water supply in certain streets in a part of Chicago formerly a part of the town of Cicero.

The first error assigned is, that the trial court did not allow appellants the peremptory challenges to which, as it is claimed, they were entitled by the statute. There were twenty-one objectors represented by counsel in the trial before the jury upon the question of benefits. The three appellants were represented by Mason Bros., fifteen other objectors were represented by another law firm and three others by still another firm. Appellants' counsel took the position that each individual having separate property was entitled to three peremptory challenges, thus making sixty-one peremptory challenges in this case. The court held that all the defendants, no matter how numerous, constituted a "party," in the meaning of the statute, and restricted the objectors to three peremptory challenges for all, and requested the various lawyers engaged in the defense to agree among themselves in what manner they would use their peremptory challenges and how they would apportion them. Counsel for the objectors refusing to do this, the court allowed the objectors represented by each firm of attorneys one peremptory challenge. Counsel for the appellants challenged three jurors peremptorily at once on behalf of John L. Gordon, one of the appellants. The court allowed the challenge as to one and overruled it as to the other two, and asked counsel to state whom they wanted excused. Counsel declined to make a selection. They then challenged peremptorily a fourth juror on behalf of James Ross Todd, another of appellants. Counsel refusing to select one juror on this peremptory challenge, the court overruled the challenge as to all. When the next four jurors were tendered to the defendants, counsel peremptorily challenged one, and the challenge was allowed. They then challenged another juror, and the challenge was overruled. The other attorneys each challenged a juror peremptorily, and their challenges were allowed.

This precise question came up before this court in *Schmidt* v. *Chicago and Northwestern Railway Co.* 83 Ill. 405,

where this court said (p. 407): "The statute (chap. 110, sec. 49, p. 781,) provides that 'in all civil actions each party shall be entitled to a challenge of three jurors without showing cause for such challenge.' This provision has been in force since 1827, if not longer, and, as we understand, during all that time it has been the general practice, and so understood by the entire profession, that each side to the case, without reference to the number of persons in each, in all civil cases, has but three peremptory challenges; and this is true whether there be one or a number of persons plaintiff or defendant. In the case of *Cadwallader* v. *Harris*, 76 Ill. 370, this court held that 'the word party, when applied to the defendant, can only mean the person or persons named as defendant or defendants in the judgment.' * * * The provision in the Criminal Code is, that every person arraigned for any crime, etc., shall be admitted to challenge, etc. Here we have very different language from that used in the Practice act governing civil suits. And this difference seems too marked to have been accidental. It must have been intended to produce a different practice in the two classes of cases. In criminal proceedings each person, when arraigned, whether alone or with others, is to have the challenges specified, and in civil cases the plaintiff or plaintiffs three peremptory challenges and the defendant or defendants a like number. Hence we regard the practice, as unquestioned for half a century or more, to be a proper construction of the statute and too firmly established to be shaken."

In *Fagan* v. *City of Chicago*, 84 Ill. 227, there were over one hundred persons who filed objections to the report of the commissioners, and we there held that it was the intention of the statute that the whole assessment and all the objections should be tried by one and the same jury, and the court thought that this was especially plain from the provision that the judgment should have the effect of a several judgment as to each tract or parcel of

land assessed, and that an appeal should stay the judg-
ment only as to property concerning which it was taken.

In *Browning* v. *City of Chicago*, 155 Ill. 314, the court
said that it is within the discretion of the trial court to
allow separate trials, though a right to demand a sepa-
rate trial does not exist, it being purely discretionary.

Counsel for appellants have cited a number of cases
from other jurisdictions, notably Michigan, Wisconsin and
Texas, in which the statute has been so interpreted as
to consider each defendant or group of defendants sepa-
rately defending on substantially distinct defenses, to be
a party entitled to the statutory number of peremptory
challenges. (*Hundhausen* v. *Atkins*, 36 Wis. 518.) Counsel
also insist that in the case of *Schmidt* v. *Chicago and North-
western Railway Co. supra*, the defendants presented the
same defense and that the issues as respecting the de-
fendants were the same. The case of *Fitzpatrick* v. *City
of Joliet*, 87 Ill. 58, arose on a condemnation proceeding,
where the statute was different from any statute affect-
ing this case. The right to challenge peremptorily was
originally conferred *in favorem vitæ* in trials for crimes
punished capitally. At common law such challenges
were allowed in no case except on the plea of not guilty,
and never on the trial of a collateral issue. From what
has been said it follows that in modern practice, unless
the case is one in which the right to challenge existed
at common law,—*i. e.*, the trial of a felony punishable
with death,—the right to challenge peremptorily does
not exist unless expressly conferred by statute. In civil
cases or proceedings the right necessarily must be con-
ferred by statute. (12 Ency. of Pl. & Pr. 474-476.) The
right being wholly statutory, the practice at common law
can throw no light on the question.

We are not disposed to recede from the practice sanc-
tioned in the *Schmidt case*, which, as there stated, has
been the practice in this State for more than half a
century. When all the objections are tried in *one* case,

the statute allows only three peremptory challenges to a side. The details as to the manner in which the defendants shall interpose their peremptory challenges is a matter in the discretion of the trial judge, and will not be reviewed unless for abuse of such discretion.

The second error assigned is, that the court erred in excluding from the jury copies of an ordinance authorizing a certain private corporation to construct, maintain and operate water-works in the town of Cicero, and of certain contracts between the corporation and the town, and of an ordinance authorizing said contracts. It was sought to be shown by these ordinances and contracts that they contained a provision by which the private water company could be compelled to lay water pipes in the streets in the territory subject to the special assessment, by petition of the property owners and ordinance of the town of Cicero, but now, since the annexation of this territory, by ordinance of the city of Chicago. This was purely a speculative benefit, predicated upon future action and future legislation. Such benefits cannot be considered by the jury. (*Hutt* v. *City of Chicago*, 132 Ill. 352.) Appellants were permitted to show exactly what pipes had already been laid by the private water company, but nobody could tell what might or might not be done by it in the future. The ordinances and contracts were properly excluded.

The third error assigned is, that the court improperly restricted the cross-examination of appellee's witness Wisner. The witness had testified that he was a real estate dealer; that he had for about two years been making investigations in special assessment proceedings for the city and had testified as to the question of benefits on behalf of the city in such cases; that he had been paid for his services and expected to be paid for his services in this case; that the previous year he had received from the city about $800 for these services. He was asked, on cross-examination, how his annual income from his

real estate business compared with the annual income he received from the city, and how much he had made out of the real estate business during the last year. The court sustained objections to these questions. The ruling was proper. What his income from his private business was, was irrelevant.

The last assignment of error is, that the verdict of the jury was against the weight of the evidence. A large number of persons living in the taxing district created by this ordinance testified as to the amount of benefits to accrue from the proposed improvement to the property assessed. We have examined the evidence, and cannot say that the verdict is contrary to the preponderance of the evidence.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*