## The City of Peru

*v.*

## W. C. Bartels *et al.*

*Opinion filed February 21, 1905—Rehearing denied April 5, 1905.*

1. Special taxation—*power of court to permit amendment of objections.* Allowance of amendments to objections filed in a special tax proceeding or granting permission to file additional objections are matters within the sound discretion of the court, which will not be reviewed unless the discretion has been abused.

2. Same—*effect of amendment of 1895 limiting special taxes to benefits.* The only effect of the amendment of 1895 to section 17 of article 9 of the City and Village act (Laws of 1895, p. 100,) was to take from the city council the power to conclusively determine the question of benefits in case of special taxation and to commit that question to the county court to be tried by a jury.

3. Same—*council has sole power to determine the proportion of special tax to be borne by city.* The city council has sole power to determine what proportion of a special tax levied to pay for an improvement shall be borne by the city, and this question cannot be reviewed by the courts.

4. Same—*what question to be tried by jury in special tax case.* The only question to be tried by the jury, on application to confirm a special tax, is whether the tax exceeds the special benefit which will accrue to the property from the making of the improvement.

5. Same—*what questions cannot be considered on application to confirm special tax.* Whether the property specially taxed for an improvement is taxed more than its "proportionate share" of the cost of the improvement, or whether the tax is assessed upon part, only, of the property benefited, are questions which cannot be considered on application to confirm the tax.

6. Same—*special tax assessed according to frontage not necessarily invalid.* Notwithstanding the amendment of 1895 to section 17 of article 9 of the City and Village act, which is repeated as the proviso to section 35 of the Local Improvement act of 1897, a special tax assessed according to frontage is valid if it does not exceed benefits specially accruing to the property from the improvement.

7. Evidence—*when plat should not be admitted.* A plat made by a witness should not be admitted in evidence in a special taxation case where the witness himself testifies that the plat is not correct.

8. Trial—*city has right to open and close in arguing a special tax case.* The city has the affirmative of the issue in a proceeding

to confirm a special tax, and has the right to open and close the argument to the jury notwithstanding the fact that the tax roll, when given in evidence, is *prima facie* evidence of the correctness of the amounts of the tax.

WRIT. OF ERROR to the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

WILLIAM A. SCANLAN, (WALTER A. PANNECK, of counsel,) for plaintiff in error.

HALL & DONOGHUE, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The city council of the city of Peru passed an ordinance for the improvement of a portion of Peoria street by grading, curbing with concrete curb and paving with brick, and provided that twenty-three per cent of the entire cost of the improvement should be paid by the city by general taxation and seventy-seven per cent should be paid by special taxation of the lots, tracts and parcels of land touching upon, abutting and contiguous to the improvement, according to frontage. In pursuance of the ordinance a petition was filed in the county court of LaSalle county, and a special tax was assessed upon the abutting property in accordance with the ordinance and to the full amount therein provided. The assessment roll was returned into court and defendants in error filed objections going to the validity of the ordinance and the jurisdiction of the court. After these objections, by order of the court, had been made more specific, they were heard and overruled. The objectors thereupon asked leave to file instanter further objections going to the question of benefits, to be heard by a jury. The motion was allowed and the objections were filed. There was a trial of the objections before a jury, and a verdict was returned reducing the amounts assessed against nearly all of the lots, fixing a specific amount for each lot and also the proportion of such

amount to the whole cost of the improvement, which was less than seventy-seven per cent. Judgment was entered on the verdict, confirming the tax as reduced, and the record is brought here by writ of error.

It is first alleged that the court erred in permitting the objectors to file objections on the question of benefits after the objections addressed to and heard by the court had been overruled. The allowance of amendments to objections filed, or permission to file further objections, is a matter within the sound discretion of the court, which will not be interfered with unless the discretion has been abused. (*People* v. *Chicago and Alton Railroad Co.* 172 Ill. 71.) It is not improper to permit additional objections affecting the question of benefits to be filed if the objections are of a proper character, and in some cases, where objections go to the jurisdiction of the court, general objections which amount to an entry of appearance should not be filed until the others are disposed of. In this case, however, most of the objections filed under the leave given were not proper to be heard and were not valid objections to the tax. The first and second raised the question whether the tax had been assessed upon the several lots in the proportion of the benefits resulting to them from the improvement, or whether it was assessed upon a part, only, of the property benefited. The third and sixth alleged that the portion of the cost of the improvement to be paid by the city was less than the proportion which the city should equitably pay; and the fourth was that the portion of the expenses assessed upon the lots of the objectors was greater than the proportion which should be equitably borne by the same. The fifth was the only one that could properly be tried, and that objection was, that the improvement did not benefit the property of the objectors, and therefore their property should not be assessed.

The provision of the ordinance that seventy-seven per cent of the total cost of the improvement should be levied upon the lots and parcels of land touching upon, abutting

and contiguous to the improvement, according to frontage, formed the basis for the levy of the special tax, limited only by the benefits that would be conferred upon the property by the improvement. Prior to the amendment of 1895 to section 17 of article 9 of the act for the incorporation of cities and villages, which limited the amount of special taxes to benefits, a city council had power to conclusively determine for itself the question of benefits and to levy a tax accordingly. (*City of Galesburg* v. *Searles,* 114 Ill. 217.) That amendment did not abolish all distinctions between special taxation and special assessment, but merely limited the amount which might be assessed against any lot or tract to the amount it would be benefited by the improvement. The power to conclusively settle the question of benefits was thereby taken from the city council and committed to the county court, to be tried by a jury. (*Pfeiffer* v. *People,* 170 Ill. 347.) The proviso to section 35 of the Local Improvement act of 1897 is the same as the amendment to section 17, and it does not affect the power of a city council to fix the proportion of the cost to be borne by the city. The only power of the court to review an apportionment between the city and a property owner is in case of special assessment, and the decision of the city council, by ordinance, as to the proportion of the cost of an improvement to be paid for by special taxation is still conclusive. The court has no power to change the proportion or to submit the question to a jury. (*Birket* v. *City of Peoria,* 185 Ill. 369.) If any part or proportion of the cost of an improvement is to be paid for by the city in a case of special taxation, that part or proportion is to be determined by the ordinance. (*Ryder Estate* v. *City of Alton,* 175 Ill. 94.) The court erred in permitting objections which raised that question to be filed.

Some of the objections raised the question whether the lots objected for were assessed more than their proportionate share of the cost of the improvement, and this question was submitted to the jury upon the trial. Where an improve-

ment is to be paid for by special assessment, it is to be levied upon all the property benefited by the improvement in proportion to benefits, and therefore the question of the proportionate share of each lot is a proper subject of inquiry. If objection is made that a lot is assessed more than its proportionate share, a jury is to be empaneled to try that issue, but in case of special taxation the only inquiry is whether the property is assessed more than it will be benefited. If a special tax is levied according to frontage, the distribution of the cost, as between different lots, is not on the basis of proportionate shares, and still the tax is valid if within the limit of benefits conferred. There may be a very great difference in the benefits to different lots having the same frontage, on account of one lot being near a business center, with valuable improvements and devoted to business purposes, while the other is vacant or of much less value, or where one lot is of much greater depth than the other, and yet a special tax on each, according to frontage, may be no more than the benefits derived from the improvement. A special tax according to frontage is authorized by the statute, and if the tax does not exceed the benefits it is valid. The court erred in permitting the objections raising the question of proportionate shares to be filed and submitted to the jury.

The court admitted in evidence, against the objection of the city, a plat made by one of the witnesses, which he testified was not correct and showed the street wider than it was. As the witness testified that the plat did not truly represent the street and premises, it ought not to have been admitted.

After the evidence was closed, counsel for the city claimed the right to open and close the argument to the jury, but the court took the opposite view and permitted the objectors to open and close. The city held the affirmative of the issue, and the fact that the assessment roll, when offered in evidence, was *prima facie* proof of the correctness of the amount assessed did not change the situation of the parties. The city had a right to open and close the argument.

Many questions concerning rulings during the trial and instructions are argued by counsel, but so far as they are material they are disposed of by what has been said. Whatever the result may be in a case where a city council provides for the payment of a certain share of the cost of an improvement by general taxation and the levy of a special tax according to frontage to pay the balance, and the benefits to the property assessed are not sufficient to pay such balance, the proceeding must be governed by the statute, and the decision of the city council as to the share to be paid by the city is conclusive and not subject to review by any court.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*