## William McCauley, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 15,912.

1. TRIAL—*when rulings as to manner of exercise of peremptory challenge will not reverse.* If the parties have waived their right to pass upon and accept the jurors in panels of four as is provided by the statute, it is within the province of the trial court in the exercise of its judicial discretion to indicate the manner in which the right to challenge should be exercised and in the absence of a showing that such discretion was abused or resulted in prejudice to the party complaining, the exercise of such discretion will not be reviewed.

2. EVIDENCE—*when cross-examination not unduly restricted.* If the defendant upon cross-examination of the plaintiff suing for personal injuries has been permitted to inquire at length as to his addiction to drink, a slight limitation imposed by the court in refusing to allow a particular question is not prejudicial and will not reverse.

3. EVIDENCE—*competency of observations made by X-ray.* A witness who has qualified as an expert in the use of the X-ray and fluoroscope may properly be permitted to give the result of his observations.

4. EVIDENCE—*effect of general objection to hypothetical question.* A general objection does not save for review the completeness or accuracy of the recital of facts contained in a hypothetical question.

5. VERDICTS—*when not excessive.* Held, in an action on the case for personal injuries that a verdict for $6500 was not excessive where it appeared that the plaintiff suffered severe pain for many months and will continue to suffer pain in the future and as a result of his injuries was so seriously and permanently injured that he cannot hereafter work at his trade or perform ordinary manual labor.

6. DAMAGES—*when exemplary may be awarded.* Exemplary damages are proper where the action is predicated upon a wilful and malicious assault.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

JOHN E. KEHOE and WATSON J. FERRY, for appellant.

JAMES L. BYNUM, D. RYAN TWOMEY and HIRAM BLAISDELL, for appellee; GUERIN, GALLAGHER and BARRETT, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant in the Circuit Court of Cook county for $6,500, as damages for personal injuries. The case was submitted to the jury upon the second count as amended and the first additional count of the declaration. These counts allege in substance that on March 24, 1904, while appellee was a passenger being carried on one of appellant's cars operated on Thirty-first street in the city of Chicago, and while standing upon the rear platform of said car, exercising due care for his own safety, appellant, through its conductor wantonly, wilfully, maliciously and recklessly pushed him off the car, whereby he was thrown with great force and violence on the street and ground, and severely injured, etc.

The first question raised relates to the alleged erroneous ruling of the trial court in denying the request of appellant to exercise its peremptory challenge of a juror upon the *voir dire* examination. The record discloses that both parties waived their right to pass upon and accept the jury in panels of four; that thereafter Mr. Bynum, of counsel for appellee, sought to challenge a juror for cause before the twelve jurors then in the box had been passed upon by him, and in response to this request to be then allowed to exercise such challenge, the court said: "Well, when the time comes, but I require you to pass on the twelve. The statute provides for the acceptance of jurors by fours. When the parties don't take them by fours you go on and take them by twelve. Now, I am in the habit of requiring you to pass on twelve. I understand the prac-

tice here is to excuse one at a time. I don't like that and I don't think it is the way to do.'' The following colloquy was then had:

''Mr. Bynum: And then, your Honor, if there are any that we feel we should excuse we will excuse all at one time?

''The Court: Yes, all I mean is that you will make your entire challenge, whatever you want to do, and I will pass on it; that is all I mean. I allowed one man to go a while ago because he was excused by consent.

''Mr. Bynum. Yes, I understand your Honor's ruling, and that is satisfactory.''

To the procedure indicated by the court appellant interposed no objection. Counsel for appellee then tendered twelve jurors to counsel for appellant, who, after examining all of said jurors, challenged two peremptorily, and two others were called into the box. Of the two jurors so called, counsel for appellent excused one, and another juror was called who was examined by counsel for appellant. Thereupon the following occurred:

''Mr. Kehoe. If your Honor please, I desire to exercise one further challenge; in view of what your Honor said a little while ago, why, I call it to your Honor's attention.

The Court. What?

Mr. Kehoe. I want to exercise the right to peremptorily challenge one juror who is in the box, was in the box when I exercised my first challenge.

The Court. Any special reason for it?

Mr. Kehoe. Simply I want to exercise a peremptory challenge for reasons that I prefer not to state.

The Court. Overruled.

Mr. Kehoe. The reason is, that before exercising it I desired a full jury box and the opportunity of—

The Court. There was nothing said to me about it, and the jury box has been full all the time.

Mr. Kehoe. That is true, your Honor, that I said nothing about it.

The Court. The challenge is overruled.

Mr. Kehoe. In view of that fact, I don't wish to state the name, but I want the record to show the matter, if your Honor please?

The Court. Yes, I suppose the record will show whatever happens.

Mr. Kehoe. Subject to the exception I have just taken, if your Honor please, I will accept the other eleven and bow to the judgment of the court, as I am obliged to bow to it.

The Court. Yes, yes, pass on these two.

Mr. Bynum. Just a moment, your Honor, it is all right as far as we are concerned.

The Court. No, no, there won't be any trouble about that.''

Proper objection was made and exception preserved to the ruling of the court in the respect indicated.

The parties having waived their right to pass upon and accept the jurors in panels of four, as is provided by the statute, it was within the province of the trial court in the exercise of its judicial discretion to indicate the manner in which the right of challenge should be exercised, and in the absence of a showing that such discretion was abused, or resulted in prejudice to the party complaining, the exercise of such discretion will not be reviewed. In the case at bar the trial court did not assume to limit the number of peremptory challenges to which appellant was entitled, but merely designated the manner in which and the time when the right of such challenge should be exercised. The record discloses that counsel for appellant did not misunderstand or fail to comprehend the ruling of the court when made, but rather that they acquiesced in such ruling, which they now seek to challenge upon purely academic grounds. Counsel did not indi-

cate to the court which juror they desired to challenge, and when asked by the court whether any special reason existed for the exercise of the challenge contrary to the rule announced, they refrained from stating any, save that they desired a full jury box, which they had. In Gordon v. City of Chicago, 201 Ill. 623, it was held that the details as to the manner in which parties shall interpose their peremptory challenges is a matter in the discretion of the trial judge, and will not be reviewed unless for abuse of such discretion.

It is urged that the verdict is not justified by the evidence; that there was but a scintilla of evidence, if any, in support of appellee's case, and appellant was entitled to a peremptory instruction; and that the verdict is against the manifest weight of the evidence.

The case is designated by counsel for appellant as a "blind" one,—as to which it had no knowledge or information. Appellee was the only witness who testified to the facts upon which his right of recovery is predicated. He testified in substance that at the time he was injured he was 42 years of age, was a plumber by occupation, and resided at No. 9 Thirtieth place, a little west of Shields avenue; that on March 24, 1904, he quit work and left the shop on Dearborn street near Jackson, about 5 o'clock; that he rode in a street car to Archer and State, where he went into a restaurant and saloon and had something to eat and drink; that after remaining there about half an hour he walked to Thirty-first street and State, where it started to rain very hard and he went into a saloon; that he remained in the saloon a little while, and drank one or two glasses of beer; that upon coming out of the saloon he met one Dennis, with whom he returned to the saloon and had two or three glasses of beer; that about half past eight o'clock he boarded one of appellant's closed electric street cars on Thirty-first street, for the purpose of riding west, a distance of about six blocks, to Shields avenue; that he took the first seat next to the rear door

of the car, and just before reaching Princeton avenue, which he mistook for Shields avenue, he motioned the conductor, who was inside and towards the front of the car, to stop the car; that the conductor walked to the rear platform where he gave the stop signal and he (appellee) followed him out to the platform, where he ascertained his mistake, and told the conductor he did not want to get off there; that the conductor gave the signal to go ahead and said, "Didn't you motion me to stop?" and he replied, "Yes sir, I did;" that the conductor got "flaring mad," and he (appellee) who was then standing down on the steps with his hands on the hand holds, facing the platform, ready to get off at Shields avenue, said, "You are one of those men who never made a mistake in your life;" that the conductor then said, "Yes, God damn you, get off anyhow," and at the same time put his hand on or against his (appellee's) breast and shoved him off the car; that the car was then a little west of the center of the block between Princeton and Shields avenues, and was traveling at an ordinary speed. Appellee further testified that when he fell off the car he struck the street with his left side, on his hip; that he got up in some way and hopped to the curb where he tried to sit or lie down and remained less than a minute, when four boys carried him to his home; that as soon as he reached home he asked his wife to get some gin, of which he took a drink; that Dr. Sperry arrived in ten or fifteen minutes and examined him, as he lay on a comforter on the kitchen floor; that the doctor said he had a bad sprain, put him to bed and prescribed the use of hot water applications and liniments; that he followed the prescriptions and was in bed for eight or nine weeks; that he then consulted Dr. Budde, who told him to continue the use of the remedies prescribed by Dr. Sperry; that he was on crutches for over two years; that later he consulted Dr. Dillon, who examined him with an X-ray machine and gave him electric treatments; that

six or seven months after the injury he went to the Hahnemann Hospital and later to the County Hospital for examination and treatment; that he had suffered intense pain; that he was then using a crutch and a cane in walking; that prior to the injury his wages averaged $20 a week, and since the injury he had only earned three or four dollars. Dr. Cox, called as a witness on behalf of appellee, testified that he examined appellee in March, 1909, and found a shortening of an inch and a half in his left leg; that he looked at appellee's hip bones through the X-ray and fluoroscope, and saw the outline shadow of both bones; that the great trochanter on the left side appeared to be an inch and a half higher than the one on the right side, and appeared to be a little higher than the head of the femur in the socket; that the neck of the femur appeared to be almost at right angles with the shaft of the bone, so that it was touching only the upper portion of the acetabulum; that there appeared to be a thickening of the neck of the femur from above downward on the left side; that appellee's condition was caused by a fracture of the neck of the femur; that such condition was permanent and incurable; that the leg was weak, the muscles smaller and the mal-position interfered with motion.

The witnesses Casey, Hart and Hurley testified that they saw appellee at the curb of Thirty-first street immediately after he claims to have been pushed off the car, and with the assistance of one Lavery carried appellee home. Hoskins, a witness called by appellee, testified that he saw the latter at the curb. Dennis, a witness for appellee, corroborates the latter as to being with him in a saloon at the corner of Thirty-first and State streets, and testified that he saw appellee board a west bound car on Thirty-first street at about 8:30 o'clock on the evening appellee claims to have been injured.

In this state of the record it is manifest that the

court would have been wholly unwarranted in giving to the jury the peremptory instruction tendered by appellant.

We have considered and weighed all the evidence with the care which the importance of the case demands and are unable to say that it fails to support the verdict. True, there are apparent inconsistencies and contradictions in the testimony of some of the witnesses relative to time, distance, location, the extent of appellee's injuries and the like, but they are not insurmountable, and it was the peculiar province of the jury to reconcile such inconsistencies and contradictions, and their verdict, approved by the trial judge, must, upon this record, be held to be conclusive as to the issues of fact involved.

It is urged that the court improperly refused to permit counsel for appellant in cross-examination of appellee to ask if he ever drank so much that it affected him,—that he felt it. Within reasonable limits the inquiry was not impertinent, but as counsel exercised a wide latitude in the examination of appellee, relative to his custom of frequenting saloons, and the quantity of liquor he drank during the evening in question, prior and subsequent to the time he was injured, we do not think the ruling of the court with reference to the inquiry in question was harmful to appellant.

Appellee detailed at length and in full the facts and circumstances relating to his controversy with the conductor, and testified that he had no prior acquaintance or trouble with the conductor, and that what he had stated as occurring at the time in question was all that took place. The further inquiry as to whether he knew any reason in the world why the conductor should have thrown him off the car for what had occurred called for a mere speculative conjecture by appellee and was properly excluded.

It is insisted that Dr. Cox was improperly permitted to state his observations of appellee's injury as

seen by him through or by means of the X-ray and fluoroscope. The witness qualified as an expert in the use of the X-ray and fluoroscope, and the mere fact that observation by such means discloses the shadow of the object in question, and not the object itself, does not make the statement as to what was observed incompetent. X-ray photographs, sciagraphs or radiographs which are no less representations of the shadow and not the substance, are properly admissible in evidence. Chicago City Ry. Co. v. Smith, 226 Ill. 178. The objection that no connection was shown between the accident in question and the conditions the witness claimed to have observed is met by the testimony of appellee that he sustained no injury other than upon the occasion in question. The testimony of Dr. Cox to the effect that the obdurator and sciatic nerves were involved in the injury to appellee was not objectionable as having relation to merely subjective symptons. As we read his testimony the nature and extent of the injury he observed necessarily involved said nerves.

It is insisted that the hypothetical question propounded by Dr. Cox was predicated upon and involved mistaken and inaccurate hypotheses of facts. The evidence does not improperly bear the construction placed upon it by the facts hypothesized, in the particulars mentioned, and the general objection to the question was properly overruled.

The error assigned upon the action of the court in sustaining an objection to a question propounded to the witness Bartholomae, is not of sufficient merit to warrant discussion.

It is lastly urged that the damages awarded by the jury are excessive. Appellee suffered severe pain for many months and will continue to suffer pain in the future, as a result of his injuries; he is so seriously and permanently injured that he cannot hereafter work at his trade, or perform ordinary manual labor.

Furthermore, the case is one in which exemplary damages were properly allowed. Amann v. Chicago Trac. Co., 243 Ill. 263.

There is no prejudicial error in the record and the judgment is affirmed.

*Affirmed.*