WILLIAM A. HINTZE et al.

v.

THE CITY OF ELGIN.

186    251
202   ¹539
186    251
e207 ¹ 59

*Opinion filed June 21, 1900.*

1. SPECIAL ASSESSMENTS—*when paving ordinance is not uncertain.*
A paving ordinance requiring the brick to be made "of pure shale,
of equal quality to that found in Galesburg, Glen Carbon and
Streator, in the State of Illinois, and Canton, in the State of Ohio,"
is sufficiently certain in its standard of shale to be used.

2. SAME—*general appearance waives objections to notice.* Parties who
appear and urge general objections to the merits of a special as-
sessment petition cannot complain that they were not notified.

APPEAL from the County Court of Kane county; the
Hon. M. O. SOUTHWORTH, Judge, presiding.

BOTSFORD, WAYNE & BOTSFORD, for appellants.

CHARLES H. FISHER, Corporation Counsel, (JOHN P.
MANN, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellants contend that the judgment confirming
the special assessment should be reversed because the
court below overruled the following of their objections
filed and relied on by them:

"*Sixth*—That the ordinance in question does not suffi-
ciently specify the nature, character, location or descrip-
tion of said improvement.

"*Twenty-third*—That this court is without jurisdiction
to hear or determine the said application at this term.

"*Twenty-fourth*—That this court has not now jurisdic-
tion over the subject matter of said application nor the
several owners whose property is assessed for said im-
provement."

The provision of the ordinance on which the sixth
objection is based is as follows:  "All brick to be used

shall be made of pure shale of equal quality to that found in Galesburg, Glen Carbon and Streator, in the State of Illinois, and Canton, in the State of Ohio. The dimensions of the brick shall be same throughout the entire work, shall not be less than eight (8) nor more than nine (9) inches in length, shall be four (4) inches in depth, and not less than two and one-half ($2\frac{1}{2}$) inches nor more than three (3) inches in thickness, with round edges with a radius of a quarter of an inch. Said brick shall be of the kind known as pressed brick, and shall be re-pressed to the extent that the maximum of material shall be forced into them," etc. And the points made are: First, that the ordinance sets up different standards by which the quality of shale of which the brick is to be made must be determined, which might vary the cost of the improvement; or, second, that it assumes that the quality of shale found at the four places mentioned are the same, and that it might prove impossible to procure shale equal in quality to the kinds found in said four specified places; third, that the ordinance is uncertain in not stating what particular shale in either of said four places is referred to. We are of the opinion the ordinance as it reads is sufficiently specific. It means that the shale used shall be equal in quality to that found in either of the four places mentioned, and in use for similar purposes. In considering the legal objection it must be assumed that shale òf the quality demanded was found for such uses in each of the places mentioned. The contractor was not required to procure the shale from either place, but was required to procure and use shale of a quality equal to that specified.

The grounds of the twenty-third and twenty-fourth objections are, that appellants were required by the notice to appear, not at the first day of the next term, but at a later day within such term, and the question is raised by appellants whether the statute of 1897 (Laws of 1897, p. 101,) has so changed the law in this respect as to

authorize notice to land owners to appear at some day within the term after the first. The objections, whether meritorious or not, were waived by appellants by their full appearance under objections going to the merits of the cause. The cause as to appellants' property was continued from the October to the November term, a jury was waived and all the objections heard and overruled. Appellants having appeared and urged their general objections cannot now contend that they were not properly notified. The court had jurisdiction of the subject matter, and obtained jurisdiction over them and their said property by the proceedings and their appearance, even if the notice was insufficient. (*Porter* v. *City of Chicago*, 176 Ill. 605; *Zeigler* v. *People*, 164 id. 531.) It is not necessary, therefore, to consider whether the notice given was authorized by the statute or not.

The judgment must be affirmed. .

*Judgment affirmed.*