## D. M. OTTIS

*v.*

## R. M. SULLIVAN, County Treasurer.

*Opinion filed December 20, 1905—Rehearing denied Feb. 13, 1906.*

1. APPEALS AND ERRORS—*alleged defective ordinance should be contained in the abstract of record.* The Supreme Court will not search the record for alleged defects in a special assessment ordinance where the appellant has failed to set out any part thereof in the abstract of record.

2. SPECIAL ASSESSMENTS—*lots assessed as one parcel will be presumed to have been improved as one.* Lots assessed as one parcel will be presumed, on appeal, to have been improved as one parcel, in the absence of anything in the record to show the contrary.

3. SAME—*when record and report may be amended.* Under section 191 of the Revenue act, where the first installment of a special assessment appears in the city treasurer's report and the tax judgment sale and redemption record against one of two lots assessed as one parcel and the second installment against the other, it is proper, on application for judgment of sale, to grant leave to amend the report and record to show the true facts.

4. SAME—*when entry of judgment is erroneous.* Where an assessment is confirmed against two lots as one parcel but the first assessment appears against one lot and the second against the other in the tax judgment sale and forfeiture record, and the county treasurer fails to make an amendment, allowed by the court, to show the facts, it is error to enter a judgment of sale in such condition of the record.

5. SAME—*defects in delinquent list and in notice are waived by general appearance.* Alleged insufficiencies in the published delinquent list and in the notice of application for judgment of sale are waived where the objector appeared and made a general defense.

APPEAL from the County Court of Sangamon county; the Hon. G. W. MURRAY, Judge, presiding.

E. S. SMITH, for appellant.

ALBERT SALZENSTEIN, and ROY M. SEELEY, for appellee.

Mr. Justice Ricks delivered the opinion of the court:

This is an appeal from a judgment and order of sale of the county court of Sangamon county in favor of appellee, as county collector and county treasurer, for certain special assessments for the paving of part of Allen street, in the city of Springfield.

Appellant first attacks the paving ordinance and urges several grounds upon which it is claimed the ordinance is void, but as appellant did not see fit to abstract the ordinance or to set out any part of it in the abstract, as required by the rules of this court, we do not feel called upon to go to the record and examine the entire ordinance to ascertain if we may discover any defects in it.

It is next urged that the assessment is void because lots 11 and 12 and the south six feet of lot 13, in block 5, were assessed as one parcel. By section 41 of the act of 1901 amending the act in regard to local improvements (Laws of 1901, p. 106,) it is provided that "several lots or parts of land owned and improved as one parcel may be assessed as one parcel." We have examined the abstract, and there is no evidence in the record tending to show that these lots were not owned and improved as one parcel, and in the absence of evidence to the contrary will indulge the presumption that the officers making the assessment properly treated it as one parcel.

The first installment and interest amount to $97.40 and the second installment and interest amount to $69.25. As extended on the tax judgment sale, redemption and forfeiture record, and as described in the advertisement of the delinquent list and application for judgment and order of sale, the first installment was placed against lot 11 and the second installment against lot 12. On the hearing appellant objected to the introduction of the report of the city treasurer to the county treasurer of the delinquency of these installments and the property to which they related, and also

objected to the delinquent list as published in the application for judgment, on the ground that neither the tax nor the warrant for the collection of the same was properly described. Cross-motion was made by appellee to amend the return or report of the city treasurer to the county treasurer, and also for leave to amend the tax judgment sale, redemption and forfeiture record, so as to show that the two amounts mentioned as the two installments of the assessment were each levied against all the property objected for as one parcel. In connection with the motion the testimony was heard, and it appeared that at the time the city treasurer reported to the county treasurer he reported not only the delinquency of appellant's property, but incorporated in the one report all the delinquent lands and lots upon which special assessments were due, and made, or attempted to make, one certificate cover all of them. It also appeared that the county treasurer, for his own convenience, separated the various lists that had been sent or delivered to him by the city treasurer, so that the paper relating to the lands of appellant had neither an affidavit nor a certificate attached to it. The court granted leave to amend both the report of the city treasurer and the tax judgment sale, redemption and forfeiture record, and the amendment was made as to the report of the city treasurer to the county treasurer, and the appellant's objection overruled.

In the original report of the city treasurer to the county treasurer he states that he sends with the delinquent list the warrants issued to him for collection. It is now urged that the warrants were not introduced in evidence, and that the amendment did not sufficiently refer to or describe the warrants issued for the collection of the special assessments; and further, that the record does not show, except inferentially, that any warrants were ever, in fact, issued. We have no doubt that under section 191 of the Revenue act it was competent for the county and city treasurers to make the amendments, as they related to an informality in the pro-

ceedings of the officers and did not affect the substantial jus-
tice of the tax, and the contention that it was filed with the
county court before whom the cause was then being heard,
instead of with the county treasurer, would not make any
difference.

We are also of the opinion that the amended report of
the said treasurer sufficiently showed the tax assessment, and
the property against which judgment should be had, as well
as the owner thereof, and that a description of the warrant
by setting out the ordinance under which the certificate was
issued was sufficient. It seems, however, that although leave
was granted to the county treasurer to amend the tax judg-
ment sale, redemption and forfeiture record so as to show
that the property against which the judgment for sale was
asked was assessed as one parcel and that the two amounts
were but two installments of the same assessment, the amend-
ment was not, in fact, made, and the court proceeded to
judgment with the record still standing showing one of the
installments as an assessment against one of the lots and the
other installment as an assessment against another of the
lots, and the judgment, for that reason, is not in conformity
with the facts or the law and must be reversed.

Objection is also made as to the sufficiency of the delin-
quent list and advertisement of notice of application for the
sale of the premises. Appellant entered his general appear-
ance and urged general objections against the assessment,
and in such case it becomes immaterial whether the delin-
quent list as advertised, and the notice and certificates be-
longing to the same, are correct or not. The purpose of
such advertisements is to obtain jurisdiction of the property
and person, and when personal appearance is entered and a
general defense made the owner of the property has had all
the benefit that a correct advertisement could give him. *Mix
v. People,* 106 Ill. 425; *Hintze* v. *City of Elgin,* 186 id. 251;
*Cairo, Vincennes and Chicago Railway Co.* v. *Mathews,* 152
id. 153; *McManus* v. *People,* 183 id. 391.

For the failure of the county treasurer to amend the tax judgment sale, redemption and forfeiture record in accordance with the leave given by the court, and the court having entered an erroneous judgment upon the record as it stood, the cause will be reversed and remanded, with directions to permit the county treasurer to make the amendment and to enter a new judgment in accordance with the statute.

*Reversed and remanded, with directions.*