THE CITY OF CHICAGO, Appellee, *vs.* MARSHALL S. MARSH et al. Appellants.

*Opinion filed February 19, 1909.*

1. SPECIAL ASSESSMENTS—*the presumption is that improvement ordinance is reasonable.* When an ordinance for a public improvement has been properly passed all presumptions are in favor of its reasonableness, and courts will not hold it void for unreasonableness unless the evidence clearly manifests that it is arbitrary and oppressive.

2. SAME—*there is benefit if there is increase in value.* If there is an increase in value of property by reason of the construction of the improvement for which it is assessed there is a benefit, and a finding that the property is not assessed more than it is benefited will not be disturbed by a court of review unless it is palpably against the weight of the evidence.

3. SAME—*when witnesses may be cross-examined as to value of property.* Witnesses who have testified that property will not be benefited to the extent of the assessment for a local improvement may be cross-examined upon the subject of the value of the property, for the purpose of testing their knowledge of the value of property in the vicinity and their qualification to testify on the question of benefits.

APPEAL from the County Court of Cook county; the Hon. D. T. SMILEY, Judge, presiding.

DUANE T. McNABB, (LOUIS E. HART, of counsel,) for appellants.

GEORGE A. MASON, and FRANK JOHNSTON, JR., (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment for the construction of a cement sidewalk fronting appellants' property on Kings place, in the city of Chicago. The property sought to be assessed consists of two lots, a portion of another lot and a strip of land that was formerly a street, all lying in a body fronting Kings place on the south and Barry avenue on the north. This property is vacant, and was used as a garden and pasture in connection with a residence on two lots immediately east of and adjoining the same, which are not assessed, and comprised what is designated as the Clark homestead. Kings place is a street one block long, running east and west on the south of the property assessed, connecting at its west end with Blucher street and at its east end with the north end of Soult street, which runs one-half block south and connects with Wellington street, running east and west. On the east of the two residence lots is Halsted street. To the west of the appellants' property, and in the same block, are a number of lots upon which a public school and several flat-buildings are located. The flat-buildings are on the north side of Kings place, and a cement sidewalk extends from Blucher street east along the north side of Kings place to the south-west corner of appellants' property. There is a cement sidewalk along the entire south side of Kings place, but none on either side of

Soult street nor on the north side of Kings place in front of appellants' property. The ordinance provides for the construction of a cement sidewalk along the west side of Soult street and on the north side of Kings place, connecting with the walk above mentioned at the south-west corner of appellants' property. The lots south of Kings place and west of Soult street are occupied by a hospital and flat-buildings. Kings place does not extend through to Halsted street but ends at its junction with Soult street, and the property east of Soult street, south of the Clark residence lots, is unoccupied, with the exception of one residence on the lot immediately south of said residence lots. The court overruled the objections filed and entered judgment confirming the assessment, from which the appellants prosecute this appeal.

Three errors are relied upon for a reversal of the judgment: (1) That the improvement is unnecessary and the ordinance is therefore unreasonable and void; (2) appellants' property is not benefited as much as it is assessed; (3) the court erred in permitting the appellee, by cross-examination of appellants' witnesses, to show the value of the property sought to be assessed.

To sustain the objection that the ordinance was unreasonable and void the appellants introduced one witness, the trustee under the will of Robert R. Clark, deceased, who testified that the property sought to be assessed was not occupied by residences but was merely a garden and pasture ground enclosed by a high fence; that the sidewalk facilities in the vicinity of the property were ample and sufficient for both the public and local travel and that there was no necessity for the construction of the sidewalk in question. This court has held that when an ordinance for a public improvement has been properly passed all presumptions are in favor of its reasonableness, and the courts can declare it void only when it is manifestly made to appear by the evidence that it is arbitrary, unreasonable and oppressive.

(*City of Belleville* v. *Pfingsten,* 225 Ill. 293.)  We are of opinion that the showing made by appellants, when considered in connection with the location of the property with reference to the other sidewalks and the residences in its immediate vicinity, is not sufficient to justify this court in holding the ordinance void.

As to whether the property was assessed more than it was benefited the evidence was conflicting.  Three witnesses for appellants testified that the property sought to be assessed, when considered with the two residence lots and the uses to which it was adapted as a whole, would not be benefited by the proposed improvement as much as it was assessed.  Two witnesses for appellee testified that the improvement would benefit the property more than it was assessed, and especially would increase its value considerably more than the amount of the assessment if the property were divided into building lots or used for amusement, school or hospital purposes, for which uses the property was well adapted.  The rule is, that there is a benefit if there is an increase in value for any use for which the property is adapted.  (*Clark* v. *City of Chicago,* 166 Ill. 84; *Lingle* v. *West Chicago Park Comrs.* 222 id. 384.)  The court saw the witnesses and heard them testify, and unless we can say the finding was palpably against the weight of the evidence the judgment should be affirmed.  (*Topliff* v. *City of Chicago,* 196 Ill. 215.)  From a reading of all the testimony in the record we cannot say the court erred in confirming the assessment.

The court did not err in permitting appellee to cross-examine appellants' witnesses with reference to the value of the property.  It was at least competent for the purpose of testing the witnesses' knowledge of property in the vicinity and their qualification to testify on the question of benefits.

We find no error in the finding of the court, and the judgment is affirmed.                    *Judgment affirmed.*