THE CITY OF PARK RIDGE, Appellee, *vs.* ALBERT WISNER, Appellant.

*Opinion filed February 23, 1912.*

1. SPECIAL ASSESSMENTS—*when judgment is appealable though further controversy is not waived.* Where the question of benefits is submitted and decided after the overruling of the legal objections the judgment is appealable, notwithstanding further controversy was not waived as to the remaining questions on the record after the overruling of the legal objections.

2. SAME—*item of estimate for lump sum for "lawful expenses" does not invalidate assessment.* An item of the engineer's estimate reading, "Lawful expenses, $264.07," does not invalidate the assessment upon the alleged ground that the amount should have been itemized and should have been designated as for "cost of making, levying and collecting the assessment."

3. SAME—*when cost of gutters need not be itemized separately.* An item of the engineer's estimate for a certain number of square yards of described macadam pavement, "including cost of gutters," is not objectionable upon the alleged ground that the cost of constructing the gutters should have been itemized separately, where it appears, by reading the estimate and ordinance together, that the pavement itself is to be so constructed as to form the gutters.

4. SAME—*when a description of binder for the top course of pavement is not too vague.* A description of the binder for the top course of the pavement, which requires the binder to be made of "lake asphalt, or some other equally good bituminous asphalt binder," is not so uncertain as to render the ordinance invalid.

5. SAME—*if possible, an ordinance should be so construed as to sustain it.* If an ordinance is susceptible of two constructions, one of which will render it valid and the other invalid, courts should adopt the construction which will sustain it.

6. SAME—*finding upon question of benefits should not be disturbed unless clearly against weight of evidence.* Where the question of benefits is tried by the court, its finding, based upon the testimony of witnesses seen and heard by the court, should not be disturbed by a court of review unless clearly against the weight of the evidence.

APPEAL from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding.

GEORGE A. MASON, for appellant.

JOHN S. DORNBLASER, (GEORGE BURRY, City Attorney, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county overruling legal objections and confirming an assessment for paving with macadam Center street, in the city of Park Ridge, from the easterly line of Washington street to the eastern limits of the city.

The first question necessary to be decided is whether the case is properly here. It is urged by the appellee that further controversy was not waived as to the remaining questions on the record after the hearing of the legal objections. This was unnecessary, as the question of benefits was submitted to and decided by the trial judge (jury being waived) after the legal objections were overruled. The objection as to the judgment was properly preserved in the record and the judgment was appealable.

The total cost of the improvement was estimated to be $4401.07. One of the items was, "Lawful expenses, 264.07." It is argued by appellant that it is impossible to tell what elements of cost are included in the phrase "lawful expenses;" that this item should have read, "Cost of making, levying and collecting the assessment;" that ex-

penses not proper to be made a part of the cost for collecting and levying might be included in the phrase "lawful expenses." The decisions of this court in *Snydacker* v. *Village of West Hammond*, 225 Ill. 154, *Northwestern University* v. *Village of Wilmette*, 230 id. 80, and *Gage* v. *Village of Wilmette*, 230 id. 428, dispose of this objection contrary to appellant's contention. In those cases it was held that the term "lawful expenses" would not cover those that were unlawful. It is also urged that the $264.07 should be itemized. This court held to the contrary in the decisions last cited and in *City of East St. Louis* v. *Davis*, 233 Ill. 553.

It is further objected that the estimate is not properly itemized as to gutters. The item of the estimate covering the pavement and gutters reads: "2867 square yards of macadam paving, [here follows a specific description of the materials entering into the macadam,] including the cost of constructing gutters at $1.50, $3727.10." Reading the estimate and the ordinance together, (*City of Hillsboro* v. *Grassel*, 249 Ill. 190,) it appears that the pavement itself is so graded and constructed as to form the gutters along the sides of the roadway. It is clear that the material entering into the construction of the pavement is identical with that of the gutters. The gutters do not form separate, essential, component elements of the improvement. It would therefore serve no useful purpose to have the cost of the gutters itemized separately. The authorities cited by appellant on this point refer to cases where the gutters were made of different material from the pavement itself. Under such circumstances the gutters form a separate, substantial, component element of the improvement and should be itemized separately from the pavement itself. (*Hulbert* v. *City of Chicago*, 213 Ill. 452, and cases cited.) Such is not the case here.

Appellant further urges that the description as to the binder for the top course is so vague and uncertain as to

render the ordinance invalid. The ordinance provides that this binder is to be made of "lake asphalt, or some other equally good bituminous asphalt binder." Proof was offered on the part of appellant tending to show that there are two kinds of lake asphalt, and it is argued that as this evidence tended to show that the two kinds were somewhat different in character, the ordinance set up a "double standard" as to the asphalt. In *Jacksonville Railway Co.* v. *City of Jacksonville,* 114 Ill. 562, this court upheld an ordinance which provided that the foundation of a brick pavement should be "laid of cinders, sand, gravel, or other materials equally suitable." In *Hintze* v. *City of Elgin,* 186 Ill. 251, this court held an ordinance good which provided "all brick to be used shall be made of pure shale of equal quality to that found in Galesburg, Glen Carbon and Streator, in the State of Illinois, and Canton, in the State of Ohio." Following these decisions this objection must be overruled.

It is further objected that as the testimony of a witness for appellant tended to show that lake asphalt, unless it was fluxed, would not make a proper binder for a top course, and as from this witness' testimony it must be concluded that the ordinance, properly construed, could only mean pure asphalt, the improvement could not be constructed in a workmanlike manner, as provided in the ordinance. This witness did testify, on direct examination, that he would construe the ordinance as meaning pure asphalt, but, taking all his examination together, direct and cross, (the abstract and the record do not agree as to his evidence,) the conclusion can be fairly reached that he thought the reasonable presumption, from reading the whole ordinance, was that the term "lake asphalt binder" would mean lake asphalt so treated that it could be used for a top dressing binder. While the ordinance is not well worded in this regard, we think it is fairly susceptible of this latter construction. When two constructions of an ordinance are possible, one of which will render it invalid

and the other sustain it, the court will adopt that construction which sustains it. (*City of Chicago* v. *Wilshire,* 243 Ill. 123, and cases cited.) Under somewhat similar ordinances this court has held a description of a binder course sufficient. *Chicago Union Traction Co.* v. *City of Chicago,* 222 Ill. 144; *Same* v. *Same,* 223 id. 37.

It is further objected by appellant that the assessment exceeds the benefits. Several witnesses testified both for the city and the objector on this point. The testimony of various witnesses as to the amount of benefits to the property was not in harmony. The jury was waived and this question heard by the court. The trial court saw and heard the witnesses. Its finding should not be disturbed on this question unless the weight of the testimony was palpably against it, (*City of Chicago* v. *Marsh,* 238 Ill. 254; *Topliff* v. *City of Chicago,* 196 id. 215;) and on this record we are not disposed to do so.

One of the witnesses for the city on the question of benefits having stated, on cross-examination, that the property objected for was capable of subdivision, counsel for appellant asked, "How many streets do you think it would be necessary to put in there, running north and south, to subdivide it?" and the witness answered, "I haven't given it any thought and I don't intend to do so." The court refused to require a different answer. The last part of the answer should have been stricken 'out. However, if the witness had not given any thought to the matter his opinion as to the number of streets necessary would have been of no material assistance to the court, and therefore it was not reversible error not to compel him to answer the question further.

There are some other questions discussed in the briefs of minor importance, but in view of the conclusions already reached we deem it unnecessary to consider them.

The judgment of the county court will be affirmed.

*Judgment affirmed.*