THE VILLAGE OF DESPLAINES, Appellee, vs. B. H. WINK-
ELMAN, Appellant:

*Opinion filed October 27, 1915—Rehearing denied Dec. 10, 1915.*

1. SPECIAL ASSESSMENTS—*objections not argued will be re-
garded as waived.* In a special assessment proceeding, where the
record shows that objections have been filed, it will be presumed
that the objector relied on each one of the objections made, but
where it is shown that the party did not, in fact, rely upon all of
the objections but only presented some of them to the court, those
which appear not to have been urged as reasons upon which the
court should act will be regarded as waived.

2. SAME—*when action of the lower court as to allowance of
amendments and additional objections to assessments will not be
reviewed.* The allowance of amendments to objections filed in a
special assessment proceeding and the granting of permission to
file additional objections are matters within the sound discretion
of the court, which will not be reviewed unless the discretion has
been abused.

3. SAME—*when question as to mayor's title cannot be raised.*
In a special assessment proceeding the question of the mayor's
title and his authority to approve the ordinance cannot be raised,
where it is not claimed that he was not acting as mayor at the time.

4. SAME—*to hold ordinance unreasonable it must clearly ap-
pear so from evidence.* An ordinance for the opening of a street
cannot be held unreasonable unless it clearly appears from evidence
of the situation of the surrounding property and streets that the
opening of the street in the manner provided for by the ordinance
will not be of benefit to the public and will be oppressive to the
owners of property; and such condition does not necessarily arise
because no drainage, no pavement and no sidewalks have been pro-
vided for in the ordinance.

5. SAME—*when several lots may be assessed as one parcel.* Al-
though benefits cannot be assessed in gross on several tracts, yet if
several lots are owned and improved as one parcel they may be
assessed as one parcel, and where the roll shows such an assess-
ment, in the absence of evidence to the contrary it will be pre-
sumed that the property was properly treated as one parcel.

6. SAME—*what portion of cost of making and collecting assess-
ment must be paid out of general fund.* Under section 94 of the
Local Improvement act, in a city, town or village having less than
100,000 population, the amount which may be levied by special as-
sessment for the cost of making and collecting the assessment is

limited to six per cent of the amount of the assessment, and any additional cost must be paid out of the general fund.

7. SAME—*benefits not limited to purposes for which property has been previously used.* The question to be determined in a special assessment proceeding is whether the improvement will enhance the property in value, and this question is not limited to the purposes for which the property has been previously used.

8. SAME—*what evidence proper on question of benefits to whole property.* Whether corner lots fronting on other streets will be benefited or injured by the building of sidewalks and other necessary improvements occasioned by opening a street along their sides is a question upon which witnesses may give their opinions in determining whether the whole property is or is not benefited by the opening of the street.

9. SAME—*when future necessary improvements must be considered.* If additional improvements are necessary in order to make the use of a proposed street beneficial to the adjoining property, although no assessment is being made for these improvements, their cost is a proper element to be taken into consideration in determining the amount which the property will be benefited by the proposed improvement.

10. SAME—*effect of amendment of 1913 to section 12 of Local Improvement act.* The effect of the amendment of 1913 to section 12 of the Local Improvement act is to require the proceedings for making compensation for the land taken or damaged to be governed by the terms of section 49 of such act unless those terms are inconsistent with sections 13 to 33.

11. SAME—*section 49 of Local Improvement act not in conflict with section 23.* Section 23 of the Local Improvement act provides for the submission of two issues to the jury in a proceeding to take property for a local improvement and section 49 provides for the submission of another issue, and said section 49 is not in conflict with section 23 but is in addition to it.

12. SAME—*jury may try issue as to proportionate share of cost of improvement.* Since the amendment of 1913 to section 12 of the Local Improvement act, the jury are authorized, in a proceeding to condemn land under the Local Improvement act, to consider the issue whether property assessed to pay for the improvement is assessed more than its proportionate share of the entire cost of the improvement.

13. SAME—*instruction should not tell the jury what credit they shall give witnesses.* The court may tell the jury the various elements which may be taken into consideration in determining the credit to be given to witnesses, but it is for the jury to determine finally what credit they will give.

14. APPEALS AND ERRORS—*Supreme Court will rely on the abstract of record.* The Supreme Court will rely upon the abstract of record, and is not required to search the record to supply matters omitted from the abstract.

APPEAL from the County Court of Cook county; the Hons. J. E. HILLSKOTTER and DAVID T. SMILEY, Judges, presiding.

CASTLE, WILLIAMS, LONG & CASTLE, (HOWARD P. CASTLE, of counsel,) for appellant.

ROBERT ZALESKI, (GEORGE A. MASON, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment condemning certain lands of appellant for opening and extending Center street, in the village of DesPlaines, fifty feet wide, from its present terminus at Prairie street to Ellingwood street, and assessing benefits upon land not taken.

It is objected that the estimate of costs was not properly itemized. This objection was No. 83 in a printed form containing one hundred and ten objections, which was filed and to which three typewritten objections were added. Certain objections were sustained and all the others were overruled and the commissioners' report was referred back to them with directions to re-cast the assessment roll. This was done, and upon the roll as re-cast being filed, the appellant filed this objection to the roll as re-cast and asked to argue the objection, stating that he should have argued it on the hearing of the other objections and that it was an oversight that he did not do so. The court refused to allow argument of any objections except as to whether the assessment roll had been re-cast in accordance with the order of the court. Where the record shows that objections have been filed, it will be presumed, in the absence of any-

thing appearing to the contrary, that the objector relied on each one of the objections made, but where it is shown that the party did not, in fact, rely upon all of the objections but only presented some of them to the court, those which appear not to have been urged as reasons upon which the court should act will be regarded as waived. (*Village of Oak Park* v. *Swigart,* 266 Ill. 60; *Lingle* v. *West Chicago Park Comrs.* 222 id. 384.) In the former case numerous printed objections were filed, as in this case, but only a part of them were argued to the court, and in reply to a question whether he had stated all his legal objections, counsel answered that he had stated all that he cared to raise. It was held that the objections not urged were waived. In this case the counsel did not expressly state that he did not care to urge any objections except those argued but the effect of his action was the same. The allowance of amendments to objections filed in a special assessment proceeding and the granting of permission to file additional objections are matters within the sound discretion of the court, which will not be reviewed unless the discretion has been abused. *City of Peru* v. *Bartels,* 214 Ill. 515.

It is urged that the president of the village had not filed his official bond at the time he approved the ordinance. It is not claimed that he was not acting as mayor and the question of his title cannot be raised in this proceeding. *Betts* v. *City of Naperville,* 214 Ill. 380; *Heiple* v. *City of Washington,* 219 id. 604.

Appellant argues that the ordinance is unreasonable and void. Section 4 of the ordinance provides that the commissioner of public works, upon the entry of an order granting the village the right to take possession of the property, shall forthwith remove any buildings or parts thereof, or other obstructions which may be located on the land, and put the surface of the land in such condition that it can be used for public traffic, and that such work shall be paid for out of the general fund of the village. It is argued that no

drainage to carry away storm water, no pavement and no sidewalk in front of the lots are provided for, and that the mere opening of the street, without improvement to make it available, would be of little practical benefit to property, and the appellant relies upon the case of *City of Chicago* v. *Arnold,* 261 Ill. 142. A court can only declare an ordinance void for unreasonableness where it is made to appear clearly by the evidence that it is arbitrary, unreasonable and oppressive. (*City of Chicago* v. *Marsh,* 238 Ill. 254; *City of Belleville* v. *Pfingsten,* 225 id. 293.) In the case cited by the appellant it was clearly made to appear from the condition of the adjoining streets and property that the existing roadway furnished all necessary means for street traffic and that the property was to be left in such a condition that instead of being benefited it would be greatly injured. In this case no evidence was introduced as to these matters. Even though no drainage, no pavement and no sidewalk have been provided for, it cannot be held that the ordinance was unreasonable and oppressive unless it clearly appears from evidence of the condition of the surrounding property and streets that the opening of a street in that condition would not be of benefit to the public and would be oppressive to the owners of property.

Another objection urged is that appellant is the owner of several separate tracts or lots and that the assessment was against all together and was not apportioned, as required by the statute. The statute requires the assessment roll to give a description of each lot, block, tract or parcel of land and the amount assessed as special benefits thereto. Benefits cannot properly be assessed in gross on several tracts. (*Louisville and Nashville Railroad Co.* v. *City of East St. Louis,* 134 Ill. 656.) Where several lots, however, are owned and improved as one parcel they may be assessed as one parcel, and where the roll shows such an assessment, in the absence of evidence to the contrary it will be presumed that the property was properly treated as

one parcel. (*Ottis* v. *Sullivan,* 219 Ill. 365.) Some evidence was introduced in regard to the improvement and use of the appellant's premises, but we cannot pass upon the question of its sufficiency to show that the lots were not used as one parcel, because the bill of exceptions does not purport to contain all the evidence. The bill of exceptions shows that the appellee offered the assessment roll and other evidence and rested, and the appellant offered evidence as to the filing of his official bond by the president of the village, and thereupon the appellant's counsel stated that in order to make a complete record he would make a statement of what was proved the other day, and then proceeded to make a statement of proof in regard to the uses of the various lots. The bill of exceptions does not state whether evidence was subsequently offered by the appellee or not, and therefore we cannot say that the court was not justified in finding, from all the evidence, that the lots were properly assessed as one parcel.

The commissioners' fees were fixed at $300, and that amount, in addition to $900, (the amount of the estimate of the costs of the improvement,) was included in the assessment roll. Section 14 of the Local Improvement act requires the fees of the commissioners to be fixed in advance by the court, and section 94 provides that the entire costs and expense of making the assessment, including the fees of the commissioners, shall be paid by the municipality out of its general fund, provided that in cities, villages or towns having less than 100,000 population the ordinance may provide that a certain sum, not to exceed six percentum of the amount of the assessment, shall be applied toward the payment of the costs of making and collecting the assessment. Six percentum of the cost of the improvement was a little more than $900, for the payment of which amount by special assessment the ordinance provided. This was the limit of the costs which could be col-

lected by special assessment, and the additional costs the village must pay out of its general fund.

The appellant objected to two plats which were offered in evidence by the appellee and admitted. In regard to the first, it was testified that except as to the scale it was a correct survey of the land in the block, which included the improvement; and in regard to the second, that it correctly delineated the proposed improvement, and that the dimensions indicated were similar to those on the plat of the township of Maine in the recorder's office. The maps indicated with reasonable certainty the location of the improvement and the adjoining streets and property, and the fact that the first was not drawn to an exact scale and that the dimensions shown by the second were not proved with precise accuracy could not have prejudiced the appellant.

Objection is made that the appellant was not permitted to show who, in fact, prepared the assessment roll. It was immaterial who prepared the roll. *Betts* v. *City of Naperville, supra.*

It was not improper to refuse to permit the appellant to ask his witnesses if the appellant's property would be benefited by the improvement if the appellant continued to use it for the purposes for which it had been used for the last ten years. The question to be determined was whether the improvement would enhance the property in value, and this question was not to be limited to the purposes for which it had been previously used. The court, however, fell into error in refusing to permit witnesses to give their opinion whether property fronting on Prairie street and Ellingwood street would not be injured rather than benefited by reason of the cost of building sidewalks and other necessary improvements on the side of such property. This was a question proper to be considered in determining whether the whole property was benefited or not. The court should also have permitted the appellant to inquire whether, taking into consideration the necessary expense of putting in

the additional street improvements which were necessary, the improvement would then be a benefit to the property. While no assessment was being made in this proceeding for these additional improvements of the street, if such improvements were necessary to make the use of the street beneficial to the adjoining property, their cost was a proper element to be taken into consideration in determining the amount which the property would be benefited by the present improvement.

Complaint is made of the following instruction:

"The court instructs the jury that the objectors have offered no testimony tending to show that their property has been assessed more than its proportionate share of the cost of said improvement. The *prima facie* case of the petitioner in this respect has not been overcome, and you are instructed that said assessment does not exceed the proportionate share of the cost of said improvement properly chargeable against the lands of said objectors."

It is insisted that the question of proportionate share of the cost was not a question in the case. Section 23 of the Local Improvement act provides that the court shall ascertain the just compensation to be paid to the owner of each lot, block, tract or parcel of land to be taken or damaged in said proceeding, and shall also determine whether or not any lot assessed in said proceeding for which objections have been filed has been assessed more than it would be benefited by said improvement. In *City of Rockford* v. *Mower,* 259 Ill. 604, we held that the only questions which can be submitted to a jury empaneled under this section are the just compensation to be paid to the owner of the land to be taken or damaged, and whether or not any lot, piece or parcel of land assessed in a proceeding for which objections have been filed has been assessed more than it will be benefited by the improvement. This case arose before the amendment to section 12 of the Local Improvement act in

1913. That section, before its amendment, provided that if a local improvement ordinance required the taking or damaging of property, the proceeding for making just compensation therefor should be as described in sections 13 to 33, inclusive, of the Local Improvement act. The amendment of 1913 added this sentence: "Such proceeding shall also be governed by the remaining sections of this act, so far as not in conflict with the said sections 13 to 33 inclusive." Section 49 of the Local Improvement act provides that if it is objected that any property assessed will not be benefited to the amount assessed and that it is assessed more than its proportionate share of the cost, the court shall empanel a jury to try the issue, and if it shall appear that the premises of any objector are assessed more than they will be benefited by the improvement, or more than their proportionate share of the cost, the jury shall so find, and shall also find the amount for which said premises ought to be assessed, and judgment shall be rendered accordingly. The effect of the amendment of section 12 is to require the proceedings for making compensation for the land taken or damaged to be governed by the terms of section 49 unless those terms are inconsistent with sections 13 to 33. It is insisted that they are inconsistent with section 23, which provides only that the jury shall ascertain the just compensation and whether or not any property assessed has been assessed more than it will be benefited. We do not regard the sections as in conflict. They are in no way inconsistent with one another. Section 23 provides for the submission of two issues to the jury; section 49 provides for the submission of another issue. It is not in conflict with section 23 but is in addition to it. It was erroneous, however, to give this instruction. No issue was made in regard to the proportionate cost of the improvement and there was no occasion to instruct the jury on that question. As the case was submitted to the jury, the

only question, so far as the assessment of benefits was concerned, was whether the appellant's property was assessed more than it was benefited, and it was not fair that on the trial of that issue the jury should be told that the assessment did not exceed the proportionate share of the cost of the improvement chargeable against his property. The relative benefits of any two pieces of property assessed for the improvement were not a question for the jury. *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11.

The appellant requested the following instruction:

"The jury are instructed that in determining the issues in this case you should take in consideration the whole of the evidence and all the facts and circumstances proved on the trial, giving to the several parts of the evidence such weight as you think they are entitled to, and in determining the weight to be given to the testimony of the several witnesses you should take into consideration their interest in the event of the suit, if any such is proved, their conduct and demeanor while testifying, their apparent fairness or bias, if any such appears, their means of information and their knowledge or lack of it as to the subject matter of this suit, and to give such credit to the testimony of each witness as under all the circumstances such witness seems to be entitled to. When witnesses are otherwise equally credible and their testimony otherwise entitled to equal weight, greater weight and credit should be given to those whose means of information were superior."

The court struck out the last sentence and gave the instruction so modified. The modification was proper. The court may tell the jury the various elements which may be taken into consideration in determining the credit of witnesses, but it is for the jury to determine finally what credit they will give. While it may be true, ordinarily, that among witnesses equally credible those whose means of information are superior should have the greater weight, yet this depends upon the use made by the witnesses of

their means of information and the knowledge actually acquired, and may be affected by the number of witnesses testifying on either side. When the court has informed the jury of the tests which may be applied to the credibility of witnesses and the elements to be taken into consideration in determining their credibility, it is then for the jury to determine, under all the circumstances of the case, to which witnesses they will give the greatest weight, and not for the court to tell them.

For the errors indicated the judgment will be reversed and the cause remanded.   *Reversed and remanded.*

Subsequently, upon petition for rehearing, the following additional opinion was filed:

Per CURIAM: In a petition for rehearing the appellee submits that in the statement in the opinion that no issue was made in regard to the proportionate cost of the improvement the court misapprehended the state of the record, because one of the appellant's objections was that "the said assessment upon the property of said objectors exceeds the proportionate share of the expenses of said improvement equitably and fairly chargeable upon said property.—(Record 27, 28; not abstracted.)" Our apprehension of the record is derived from the abstract prepared by the appellant and accepted as correct by the appellee. That abstract does not show the objection above quoted, and the appellee did not supply the omission, if it was an omission. Under such circumstances the court does not search the record to ascertain the issues but acts entirely upon the abstract. The court did not misapprehend the record and a rehearing is denied.