(No. 19963.

THE PEOPLE, for use, etc., Appellant, *vs.* RICE MILLER, Receiver, *et al.* Appellees.

*Opinion announced orally June 3, 1930.*

LESLIE K. VANDEVER, J. D. WILSON, and J. E. HOGAN, for appellant.

LAWRENCE T. ALLEN, and DRYER & BROWN, for appellees.

Mr. CHIEF JUSTICE DUNN announced the decision of the court:

This is a motion by the appellant to strike the petition for rehearing in this cause from the files for violation of the rules of this court. The rules in regard to the form of petitions for rehearing and *certiorari* are established for the convenience of the court in the interest of the prompt disposition of its business. These rules will be enforced so as to facilitate and expedite the transaction of business, and it is not necessary to call the court's attention to violations of them by motions to strike. The making and consideration of such motions tend only to delay, and the court will not entertain them but will itself see to the proper enforcement of those rules.
*Motion denied.*

638

Mr. JUSTICE FARMER, dissenting:

I cannot concur with the majority opinion of the court. Certain changes and substitutions were alleged by appellants to have been made in the official records of the board of local improvements in order to make the improvement proceedings comply with the provisions of the Local Improvement act. The employee designated as recording secretary and having custody of the board's official records was served with a subpœna *duces tecum.* She did not at first produce the records called for in the subpœna, stating she had been advised by counsel not to do so. However, she later produced the required documents and records. From her testimony and the records introduced in evidence it was shown that at least part of the records of the local improvement board showing its action during December, 1924, in the present proceeding, had been introduced in evidence in a collateral special improvement case during March, 1926. At that time the records were in a certain condition, and when presented during the summer of 1927 in this hearing the records differed materially. The changes are claimed to have been authorized by resolution of a different board of local improvements and after the commencement of the hearing in this proceeding, which was more than two and one-half years after the making of the original records. Alleged amendments were made and some full sheets of a loose-leaf minute book were withdrawn and new sheets substituted therefor. Section 7 of our Local Improvement act (Smith's Stat. 1929, p. 498,) provides, in part, that "said board shall have the power to originate a scheme for any local improvement, to be paid for by special assessment or

*Through a misunderstanding the majority opinion in this case was published in the Advance Sheets before the dissenting opinion was received.

THE REPORTER.

special tax, either with or without a petition, and in either case shall adopt a resolution describing the proposed improvement which resolution shall be at once transcribed into the records of the board. Whenever the proposed improvement will require that private property be taken or damaged, such resolution shall describe the property proposed to be taken for that purpose. Said board shall, by the same resolution, fix a day and hour for the public consideration thereof, which shall not be less than ten days after the adoption of such resolution." The purpose of this requirement as expressed in *City of Carbondale* v. *Walker,* 240 Ill. 18, and *City of Mt. Carmel* v. *Risley,* 263 id. 299, is to have the original resolution of record so that persons notified to attend the public hearing may ascertain the purport of it by inspecting the record. The minute book originally contained no record of the adoption of the first resolution and it was not transcribed therein. Neither did the original board minutes or any other record or "Book of Resolutions and Estimates" show the approval or recommendation to the city council of the necessary ordinance for such improvement. The official actions of the board as shown by its records were not in accordance with the requirements of the Local Improvement act. (*Village of Bellwood* v. *Galt,* 321 Ill. 504.) There were no data, or testimony of any official member of the board or other officer, showing that only as amended does the record speak the truth. The attempted changes and substitutions were not warranted and should not have been considered by the trial court. *People* v. *Wabash Railway Co.* 316 Ill. 403; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 261 id. 70.

The ordinance provided for condemnation of property 14 feet in width on one side of LaSalle street, and in one instance an additional strip two feet wide and 125 feet long was taken. There was no showing that the extra two feet were required for public use or to protect, aid or preserve the contemplated improvement. This was an excess

condemnation and not authorized under the improvement proceedings.

The improvement ordinance made no provision for removing the buildings on the property condemned or for placing the widened street in a usable condition. Appellants offered to show that a large number of buildings would have some part thereof removed or taken down and that the cost thereof would be at least $200,000. Appellee claimed this expense would be taken care of under another city ordinance. No such ordinance was introduced in evidence and judicial notice cannot be taken of it. (*People* v. *Busse,* 248 Ill. 11.) A street improvement ordinance should make provision for placing the street in proper completed condition as a thoroughfare. (*City of Chicago* v. *Arnold,* 261 Ill. 142; *City of Chicago* v. *Kemp,* 240 id. 56.) The right to condemn property for widening a street, with no provision for removing the buildings condemned, and leaving the question of removal to some indefinite time when the city might see fit and be financially able to remove the buildings or until the owners might decide upon a reconstruction of them, is too uncertain and indefinite. The record also discloses that the city is utterly unable financially to pay the awards made and for the improvement contemplated.

For the reasons given, the judgments of the county court of Cook county should have been reversed.